# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2630
_____

United States of America

*Plaintiff - Appellee*

v.

Samuel Kills Crow Indian, also known as Samuel High Hawk

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: December 19, 2025
Filed: December 24, 2025
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Samuel Kills Crow Indian appeals after the district court[1] revoked his supervised release and sentenced him to a within-Guidelines term of 6 months in

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

prison concurrent with the sentence imposed in a state case followed by 6 months of supervised release. His counsel has moved to withdraw and filed a brief challenging the district court's jurisdiction based on the timing of the revocation warrant. In his subsequent pro se supplement, Kills Crow Indian raises a similar argument.

Upon careful review, we conclude that the district court possessed jurisdiction, as the record reflects that a revocation warrant was issued during Kills Crow Indian's federal supervision, and the circumstances of his state case provided a reasonable statutory basis for the timing of his revocation judgment. See 18 U.S.C. § 3583(i) (power of court to revoke term of supervised release for violation of condition and order defendant to serve term of imprisonment extends beyond expiration of term of supervised release for any period reasonably necessary for adjudication of matters arising before its expiration if, before expiration, warrant or summons has been issued); see also United States v. Hacker, 450 F.3d 808, 814-15 (8th Cir. 2006) (appellate court reviews district court's authority to revoke de novo; district court had authority to revoke defendant's supervised release where warrant was issued before term of supervised release expired).

Accordingly, we affirm the judgment and grant counsel's motion to withdraw.

_____